# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., et al., <br>    Plaintiffs, <br><br>          v. <br><br> AHMAD S. KHALIFA, et al., <br>    Defendants. | CV 22-7148 DSF (PVCx) <br><br> Order GRANTING United States' Motion to Remand (Dkt. 12) |

    The United States of America moves for remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for November 14, 2022, is removed from the Court's calendar.

    Defendants removed this case based on a provision of the Federally Supported Health Centers Assistance Act – 42 U.S.C. § 233(l)(2) – and under the general federal officer removal statute – 28 U.S.C. § 1442(a)(1). The United States argues that § 233(l)(2) does not apply because that provision allows defendants to remove a case only if the Attorney General has failed to appear in the state court action within 15 days of notice of the action. The United States claims that it did, in fact, appear in state court within that period, but the parties dispute what constitutes an "appearance" for the purposes of the statute. The United States further argues that removal under § 1442(a)(1) was untimely. It claims that under Defendants' federal officer theory, Defendants would have been aware of the ability to remove on service

of the complaint, yet Defendants failed to remove long after even the second amended complaint was filed.[1]

The Court finds the United States' arguments persuasive for the same reasons given – on consideration of substantively identical facts and arguments – in Section II of the thorough, well-reasoned remand order in <u>Blumberger v. California Hosp. Med. Center</u>, CV 22-6066 FLA (JCx) (C.D. Cal. Nov. 2, 2022) (Dkt. 36).

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: November 8, 2022

*Dale S. Fischer* (signature)
Dale S. Fischer
United States District Judge

---

[1] The United States also argues that Defendants should not be deemed to be federal officers, but the Court need not reach that argument.